IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-6652 |
| ) | |
| EAST LAKE MANAGEMENT GROUP, INC. ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Butler filed *pro se* a third amended complaint against his former employer, Defendant East Lake Management Group, Inc., under federal and state law. Before the Court is Defendant's motion to dismiss for failure to state a claim.[1] For the reasons stated below, the motion [49] is granted in part and denied in part.

**I.      Background**

Plaintiff worked as a janitor at Princeton Apartments, a Chicago Housing Authority property that was managed by Defendant, for more than six years. He was laid off on October 12, 2009. On November 2, 2010, Plaintiff filed his original complaint against Defendant. [7.] After being granted leave to amend, Plaintiff filed a third amended complaint on November 1, 2011, which asserts five counts for relief. [48.]

In Count I (gender discrimination), Plaintiff alleges that his female supervisors failed to advance him because he is male. In Count II (Americans with Disabilities Act (ADA)), Plaintiff

---

[1] This is the Court's first opportunity to rule on Defendant's motions to dismiss; previously, Plaintiff applied for, and was granted, leave to amend [20, 31, 47] before any substantive ruling.

1

alleges that, on September 9, 2009,[2] he injured his right knee at work, which "made it very painful to walk bend s[qu]at run or stand without putting [his] body weight on [his] left side." On October 8, Plaintiff's doctor told Plaintiff that he needed surgery and gave him a note instructing him not to work. Plaintiff passed the note along to his supervisor the next day. On October 12, Plaintiff was "terminated under the prete[xt] of layoffs."

In Count III (retaliatory discharge), Plaintiff repeats his allegation about giving the doctor's note to his supervisor. In addition, Plaintiff alleges that, on October 12, his supervisor came to his apartment and told Plaintiff to "fuck [his] worker's compensation" before handing Plaintiff a layoff notice. He alleges that the discharge was "under the pretext of layoff to deny [him] a chance to file a [worker's compensation] claim" and that he was the only person laid off.

In Count IV (Fair Labor Standards Act (FLSA)), Plaintiff alleges that he "frequently" "work[ed] over time hours in excess of forty hours in a work week," but Defendant "did not compensate [him] for all the overtime worked on call." In Count V (Family Medical Leave Act (FMLA)), Plaintiff alleges that he was eligible for FMLA leave and that Defendant was obliged to provide him with FMLA leave. He repeats his allegation about giving his supervisor the doctor's note and receiving a layoff notice. Plaintiff concludes that Defendant "interfered with my protected rights under FMLA with the pretext of layoffs to prevent me from taking family medical leave."

Plaintiff attached to his complaint a letter dated October 2, 2009, from Defendant's claims administrator, acknowledging receipt of Plaintiff's worker's compensation claim for an injury on September 9, 2009. Also attached are two notices of proposed layoffs, dated November 27, 2006, and October 12, 2009. Plaintiff read and acknowledged the notices on

---

[2] Plaintiff alleges that the injury occurred on October 9, 2009. But as made clear by other allegations and an attachment to the complaint discussed later, Plaintiff's injury actually occurred on *September* 9, 2009.

2

November 30, 2006, and October 12, 2009, respectively. Finally, Plaintiff attached his IDHR and EEOC complaint, which alleged discrimination against Defendant based on physical disability, and Plaintiff's right-to-sue letter.

Defendant moved to dismiss the third amended complaint pursuant to Rule 12(b)(6) but also attached an affidavit of its Project Executive, Juana Pollard, detailing the events leading to Plaintiff's layoff. [49-2.]

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given " 'fair notice of what the * * * claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the " 'speculative level.' " *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.

The Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). Moreover, in reviewing a *pro se* complaint, the Court employs standards less stringent than if the complaint had been drafted by counsel. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995).

**III.    Analysis**

As a threshold issue, the Court must decide whether to convert Defendant's motion to dismiss to a motion for summary judgment. Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by* the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(Emphasis added.)[3] The Seventh Circuit has held that "a motion styled as one to dismiss is [not] a motion for summary judgment . . . just because the movant attaches extra documents. It is, rather, that once the district court *actually considers* additional documents, the motion must be treated as one for summary judgment." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001).

Here, Defendant styled its motion as a motion to dismiss but attached an affidavit of its Project Executive, Juana Pollard, detailing the events leading to Plaintiff's layoff. After Plaintiff failed to counter the affidavit in his response, Defendant declared that the Court "must" construe its motion as a motion for summary judgment. The Court declines Defendant's invitation.

Plaintiff obviously did not have "a reasonable opportunity to present all the material that is pertinent to the motion" because neither Defendant nor the Court gave Plaintiff (proceeding *pro se*) any notice of the consequences of his failure to counter Defendant's affidavit. See generally *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (holding that a *pro se* prisoner plaintiff is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment or a motion to dismiss); Local Rule 56.2 (requiring any party moving for summary judgment to give notice to a *pro se* litigant). Moreover, as detailed below,

---

[3] The emphasized phrase was replaced by an ellipsis in the quotation of Rule 12(d) in Defendant's reply brief. [55 at 3.]

4

Plaintiff will need to amend his complaint to sufficiently state claims even without considering the affidavit. If Plaintiff clears that hurdle, and has reasonable time for discovery, then Court will readily consider Defendant's affidavit in a motion for summary judgment.

### A. Count I (Gender Discrimination)

In Count I, Plaintiff alleges that he did not advance at work because he is male. Defendant argues that this claim does not "fall within the scope of the charges contained in the [IDHR and] EEOC complaint." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). Plaintiff agrees and concedes dismissal. [54 at 2.] Thus, Count I is dismissed with prejudice.

### B. Count II (ADA)

In Count II, Plaintiff alleges that, on October 8, Plaintiff's doctor told him he needed surgery and gave him a note instructing him not to work, which Plaintiff passed along to his supervisor. On October 12, Plaintiff was "terminated under the prete[xt] of layoffs." Defendant argues that such allegations fail to state a claim under the ADA.

To establish a violation of the ADA, an employee must show that: 1) he is disabled; 2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) the employer took adverse action because of his disability or failed to make a reasonable accommodation." *Winsley v. Cook County*, 563 F.3d 598, 603 (7th Cir. 2009). Here, Defendant finds fault with Plaintiff's allegations under the second and third prongs and advocates for dismissal with prejudice.

The Court agrees that Plaintiff's allegations are deficient. Plaintiff has not adequately pleaded that he is a qualified individual with a disability or that Defendant failed to make reasonable accommodations. Having said that, the Court disagrees that Plaintiff has pleaded himself out of court.

First, although Plaintiff fails to allege that there was a reasonable accommodation available that would have permitted his continued employment, the facts that he does allege do not preclude this possibility. "The ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence." *Nowak v. St. Rita High Sch.*, 142 F.3d 999, 1004 (7th Cir. 1998). An employer may, however, be required to provide a short-term leave of absence as a reasonable accommodation. See, *e.g.*, *Haschmann v. Time Warner Entm't Co.*, 151 F.3d 591, 601 (7th Cir. 1998) (finding sufficient evidence supporting jury's conclusion that Defendant's efforts at accommodation were inadequate where it refused to provide short-term leave). Thus, Plaintiff's allegations regarding the doctor's note do not foreclose the possibility that a short-term leave for surgery would have permitted his continued employment.

Second, although Plaintiff fails to plead that he requested reasonable accommodation, his allegations allow for the possibility that Plaintiff's submission of the doctor's note was a request for accommodation, triggering Defendant's duty to engage in the "interactive process" required by the ADA. See *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996). Plaintiff's allegations therefore fail to raise the possibility of relief above the "speculative level" but do not bar relief. Thus, Count II is dismissed without prejudice.

### C. Count III (Retaliatory Discharge)

In Count III, Plaintiff alleges that, on October 9, he gave his supervisor a doctor's note and told her that he needed surgery. On October 12, his supervisor came to his apartment and told Plaintiff to "fuck [his] worker's compensation" before handing Plaintiff a layoff notice. He alleges that the discharge was "under the pretext of layoff to deny [him] a chance to file a

6

[worker's compensation] claim." Defendant argues that such allegations fail to state a claim for retaliatory discharge under Illinois law.

To establish a claim of retaliatory discharge, a plaintiff must prove: 1) he was the defendant's employee before the injury; 2) he exercised a right granted by the Illinois Workers' Compensation Act; and 3) there was a causal relationship between his discharge and the exercise of his right. *Dotson v. BRP U.S. Inc.*, 520 F.3d 703, 707 (7th Cir. 2008). Here, Defendant finds fault with Plaintiff's allegations under the second and third prongs.

Defendant argues that Plaintiff's claim necessarily fails because he admits that he did not file a worker's compensation claim, and he does not allege causation. The Court disagrees. "[T]here exists no requirement in Illinois that in order to state a viable cause of action for retaliatory discharge, a plaintiff must plead that he was discharged in retaliation for *filing* a Workers' Compensation claim." *Burgess v. Chicago Sun-Times*, 476 N.E.2d 1284, 1287 (Ill. App. Ct. 1985). Rather, a plaintiff need only present "[f]actual support that the employer was informed or in some way found out about the plaintiff's intent to pursue relief under the Act." *Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 149 (7th Cir. 1994). Here, Plaintiff alleges that, when handing him his layoff notice, Plaintiff's supervisor said, "fuck your worker's compensation." A plausible inference from these facts is that Defendant understood Plaintiff's intention to file an worker's compensation claim and was motivated to discharge Plaintiff because of that anticipated claim. Thus, Count III survives.

### D. Count IV (FLSA)

In Count IV, Plaintiff alleges that he "frequently" "work[ed] over time hours in excess of forty hours in a work week," but Defendant "did not compensate [him] for all the overtime worked on call." Defendant argues that this claim, which did not appear in Plaintiff's original

7

complaint, is barred by the applicable statute of limitations. In the alternative, Defendant argues that Plaintiff's allegations fail to state a claim under the FLSA.

A cause of action under the FLSA may be brought within two years of accrual; a cause of action arising out of a willful violation, however, may be brought within three years of accrual. 29 U.S.C. § 255(a). Here, Plaintiff alleges that he was laid off on October 12, 2009, with his last day worked on or about October 9, 2009. Plaintiff's third amended complaint was filed more than two years after these dates.

Nevertheless, Plaintiff argues that his claim should not be dismissed because Defendant acted willfully. Plaintiff's allegations, however, do not support this assertion. Rather, all Plaintiff asserts is that he did not receive the overtime pay he earned. Such allegations are significantly different from those in the case on which Plaintiff relies, *Markey v. Cameron Compression Systems*, No. 10-CV-377A, 2011 WL 90318, at *2 (W.D.N.Y. Jan. 11, 2011) (denying motion to dismiss where plaintiff pleaded willfulness by alleging that he complained repeatedly to defendant that he was working hours that required overtime compensation under the FLSA). And even if Plaintiff had successfully pleaded willfulness, his bare-bones allegations fail to put Defendant on notice of the claim. See, *e.g.*, *Wilson v. Pioneer Concepts, Inc.*, No. 11–cv–2353, 2011 WL 3950892, at *2-3 (N.D. Ill. Sept. 1, 2011) (citing cases and dismissing overtime claim where plaintiff failed to alleged when the overtime hours were worked or how many overtime hours she worked without proper compensation). But because these defects may be curable, Count IV is dismissed without prejudice.

  E.  **Count V (FMLA)**

In Count V (FMLA), Plaintiff alleges that he was eligible for FMLA leave and that Defendant was obliged to provide him with FMLA leave. He repeats his allegation about

giving his supervisor the doctor's note and receiving a layoff notice. Plaintiff concludes that Defendant "interfered with my protected rights under FMLA with the pretext of layoffs to prevent me from taking family medical leave." Defendant argues that this claim, which did not appear in Plaintiff's original complaint, is barred by the applicable statute of limitations. In the alternative, Defendant argues that Plaintiff's allegations fail to state a claim under the FMLA.

Like the FLSA, the FMLA provides a two-year statute of limitations, unless the violation was willful, in which case the statute of limitations is three years. 29 U.S.C. § 2617(c). Here, to repeat, Plaintiff's third amended complaint was filed more than two years after his discharge.

But unlike the FLSA claim, the FMLA claim may relate back to Plaintiff's initial complaint, which was filed well within the two-year statute of limitations. Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when * * * the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Here, Plaintiff's FMLA claim relates back because it is based on the same "core of facts" as the physical disability discrimination claim asserted in the original complaint—namely, that Plaintiff needed surgery, forwarded a doctor's note to his supervisor, and was promptly laid off. See *Bularz v. Prudential Ins. Co.*, 93 F.3d 372, 379 (7th Cir. 1996) ("[T]here is no additional requirement that the claim be based on an identical theory of recovery.").

In addition, Plaintiff's allegations are sufficient to state a claim. To establish an FLMA interference claim, an employee must show that: 1) he was eligible for FMLA protections; 2) his employer was covered by the FMLA; 3) he was entitled to take leave under the FMLA; 4) he provided sufficient notice of his intent to take leave; and 5) his employer denied him benefits due

under the FMLA. *Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010). Here, Defendant faults Plaintiff's allegations under the fourth and fifth prongs.

Defendant is correct that "[w]hen the employee fails to give his employer proper notice, the employer is under no duty to provide FMLA leave." *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011). But the notice requirement is minimal; the employee need only "provide[] information sufficient to show that he *likely* has an FMLA-qualifying condition." *Burnett v. LFW Inc.*, 472 F.3d 471, 479 (7th Cir. 2006). Once this occurs, "the FMLA imposes a duty on the employer to conduct further investigation and inquiry to determine whether the proposed leave in fact qualifies as FMLA leave." *Id.* at 480. Here, Plaintiff's assertion that he gave his supervisor a doctor's note, indicating that he needed surgery, is sufficient to allege the notice requirement. Moreover, Plaintiff's assertion that, three days after receiving the doctor's note, he was fired is sufficient to allege that Defendant denied him benefits due under the FMLA. Thus, Count V survives.

**IV.    Conclusion**

For these reasons, Defendant's motion to dismiss [49] is granted in part and denied in part. Count I is dismissed with prejudice. Counts II and IV are dismissed without prejudice. Given Plaintiff's *pro se* status, the Court gives Plaintiff 21 days in which to file a motion for leave to file an amended complaint if he feels that he can cure any of the deficiencies identified above regarding Counts II and IV. Otherwise, the case will proceed with Counts III and V only.

Dated: June 11, 2012

_____
Robert M. Dow, Jr.
United States District Judge

10