# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6652 | **DATE** | 5/15/2013 |
| **CASE TITLE** | James Butler vs. East Lake Management Group, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants Defendant's motion to dismiss Counts I and II of Plaintiff's Fourth Amended Complaint [69] and dismisses Counts I and II with prejudice. The case will proceed only as to Counts III and IV. Status hearing remains set for 6/20/13 at 10:00 a.m.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed.

## STATEMENT

**I. Background**

Plaintiff James Butler worked as a janitor at Princeton Apartments, a Chicago Housing Authority property that was managed by Defendant East Lake Management Group, Inc., for more than six years. He was laid off on October 12, 2009. On November 2, 2010, Plaintiff filed his original complaint [7] against Defendant. After Plaintiff filed an amended complaint [21], the Court recruited counsel [see 25, 29] to assist Plaintiff. Not long after counsel filed a second amended complaint [32], Plaintiff dismissed his lawyer [see 38, 40] and sought leave to file a third amended complaint, which the Court granted. On November 1, 2011, Plaintiff filed his third amended complaint [48], which asserted five counts for relief.

Defendant moved to dismiss Plaintiff's third amended complaint, which the Court granted in part and denied in part [see 59]. The Court dismissed Count I (gender discrimination) with prejudice and Counts II (Americans with Disabilities Act (ADA)) and IV (Fair Labor Standards Act (FLSA)) without prejudice. In its opinion, the Court carefully set forth both the legal standard governing a motion to dismiss and what a plaintiff must plead to sufficiently allege both ADA and FLSA violations. Given Plaintiff's *pro se* status, the Court gave Plaintiff 21 days in which to file a motion for leave to file an amended complaint if he felt that he could cure any of the deficiencies identified by the Court in dismissing Counts II and IV. Plaintiff filed a fourth amended complaint [66], asserting four counts: Count I (ADA), Count II (FLSA), Count III (Family Medical Leave Act (FMLA)), and Count IV (Retaliatory Discharge). Defendant filed an answer and affirmative defenses in response to Counts III and IV and once again has moved to dismiss Counts I and II for failure to state a claim.

**II. Analysis**

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion

**STATEMENT**

tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth*, 507 F.3d at 618. To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

    A.    **Count I (ADA)**

In Count I (ADA), Plaintiff alleges that, on September 9, 2009, he injured his right knee at work. On October 8, 2009, Plaintiff "advised his employer that his knee injury would likely require surgery and that he could not work due to his medical condition." According to Plaintiff, on October 12, 2009, he was advised that he was being laid off effective October 31, 2009. Sometime after October 12, 2009, Plaintiff underwent surgery to repair a torn tendon in his right knee. Plaintiff does not allege that he requested leave, provided a definite date for his return, or requested an accommodation.

As set forth in the Court's previous opinion dismissing the ADA claim for failure to state a claim, to establish a violation of the ADA, an employee must show that: 1) he is disabled; 2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) the employer took adverse action because of his disability or failed to make a reasonable accommodation." *Winsley v. Cook County*, 563 F.3d 598, 603 (7th Cir. 2009). Here, Plaintiff has not adequately pleaded that he is a qualified individual with a disability or that Defendant failed to make reasonable accommodations. Although the Court gave Plaintiff leave to correct these specific deficiencies, he has failed to do so. Instead, Plaintiff's fourth amended complaint states that he advised his employer that "he could not work due to his medical condition" and that he likely would require surgery. He does not allege that he could perform his job after he injured his knee. Additionally, Plaintiff does not plead that he requested a reasonable accommodation, which would trigger "the employer's obligation to participate in the interactive process of determining one." See *Johnson v. Foulds*, 111 F.3d 133, at *2-3 (7th Cir. 1997) (citing *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 164 (5th Cir. 1996). In fact, Plaintiff fails to plead any facts under the reasonable accommodation part of the ADA, including but not limited to facts suggesting that he requested leave, provided a definite date for his return, requested an accommodation for his injured knee, and, most importantly, that Defendant rejected a request for accommodation. See *Beck v. Univ. of Wisc. Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir. 1996) (holding that employer was not liable for failing to reasonably accommodate or obstructing an accommodation where the employee failed to notify the employer of a need for an accommodation and/or provided the employer with the necessary information to allow the employer to engage in the interactive process of determining one). Thus, the Court grants Defendant's motion to dismiss Count I.

### B. Count II (FLSA)

In Count II (Fair Labor Standards Act (FLSA)), Plaintiff alleges that he "frequently" "work[ed] over time hours in excess of forty hours in a work week," but Defendant "did not compensate [him] for all the overtime worked on call."

A cause of action under the FLSA may be brought within two years of accrual; a cause of action arising out of a willful violation, however, may be brought within three years of accrual. 29 U.S.C. § 255(a). Here, Plaintiff alleges that he was laid off on October 12, 2009, with his last day worked on or about October 9, 2009. Plaintiff's third amended complaint was filed more than two years after these dates (November 1, 2011) as was his fourth (August 9, 2012).

In responding to Defendant's previous motion to dismiss, Plaintiff did not contest Defendant's contention that Plaintiff missed the two-year deadline. Nevertheless, Plaintiff argued that his claim should not be dismissed because Defendant acted willfully, thereby entitling Plaintiff to a three-year statute of limitations. Because Plaintiff's allegations at the time did not support this assertion, the Court granted Defendant's motion to dismiss. But the dismissal again was without prejudice because, as the Court explained, the defect might have been curable under the case law cited in the Court's opinion.

In his most recent pleading, however, Plaintiff has added nothing of substance to cure the previously identified deficiency. Plaintiff merely states that Defendant's violation was "willful" but fails to assert any facts to support that conclusory statement other than that Defendant "was aware of the overtime that I was working." That falls well short of the mark for pleading "willfulness," even for a *pro se* plaintiff. Because Plaintiff's fourth amended complaint fails to entitle Plaintiff to gain the benefit of the longer limitations period, Plaintiff's FLSA is time-barred and must be dismissed. See *Wilson v. Pioneer Concepts, Inc.*, 2011 WL 3950892, at *2-3 (N.D. Ill. Sept. 1, 2011) (citing cases and dismissing overtime claim where plaintiff failed to alleged when the overtime hours were worked or how many overtime hours she worked without proper compensation); *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) (dismissing FLSA claims based on unpaid overtime for unspecified meal periods and breaks where plaintiffs failed to allege the approximate number of overtime hours worked or when those unpaid wages were earned); *DeSilva v. N. Shore–Long Island Jewish Health Sys., Inc.,* 2011 WL 899296, at *6 (E.D.N.Y. Mar. 16, 2011) (dismissing FLSA claim because "it contained 'no factual allegations about when the alleged unpaid wages were earned (i.e., which lunches and breaks were worked through without proper compensation), or the number of hours allegedly worked without compensation the heart of the claim.'") (citation omitted); *Manning v. Boston Med. Ctr. Corp.,* 2011 WL 796505, at *1 (D. Mass. Feb.28, 2011) (dismissing FLSA claim where complaint did not allege "even in the most approximate terms, the dates on which each of the named plaintiffs worked during lunch breaks, the aggregate time of those lunch breaks, and the amount of unpaid wages").

### C. Opportunity to Replead

In his response brief, Plaintiff also states that "if [the allegations provided are] not enough to state a claim, I ask for leave to amend my complaint." Plaintiff's request is respectfully denied. The Court already has granted Plaintiff multiple opportunities to amend , and, in dismissing Plaintiff's ADA and FLSA claims *without prejudice* last time, the Court provided explicit guidance on how to cure the deficiencies if he had sufficient factual support to do so. As explained above, Plaintiff has failed in that endeavor and the Court concludes that allowing a sixth opportunity to plead would be futile. Therefore, Counts I (ADA) and II (FLSA) are dismissed with prejudice.

**STATEMENT**

**III.    Conclusion**

For the reasons stated above, the Court grants Defendant's motion to dismiss [69] and Counts I and II are dismissed with prejudice.  The case will proceed as to Counts III and IV and remains set for status on 6/20/2013 at 10:00 a.m.